IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CALVIN GILBERT, | : |
| Plaintiff, | : |
| V. | : |
| | : NO. 4:21-cv-00195-CDL-MSH |
| STATE OF GEORGIA, *et al.*, | : |
| Defendants. | : |

## ORDER & RECOMMENDATION OF DISMISSAL

Plaintiff Calvin Gilbert, a prisoner in Rutledge State Prison in Columbus, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a motion to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF Nos. 2 & 6. As discussed below, Plaintiff's motion to proceed *in forma pauperis* is now **GRANTED**. Thus, this case is ripe for preliminary review. On that review, it is now **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy

of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

Plaintiff has moved for leave to proceed *in forma pauperis* in this case. Upon review of his submissions, it appears that Plaintiff is unable to prepay any portion of the Court's filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's complaint is ripe for preliminary screening.

Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b). The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service. For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

### A.  Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who

shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### B. Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was incarcerated. The Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir.

2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or

4

a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Plaintiff's Allegations

In his complaint, Plaintiff asserts that he was sentenced on a probation violation and that his sentence was supposed to be complete on October 27, 2021. Compl. 5, ECF No. 1. Two days before this date, however, Deputy Warden of Care and Treatment Latona Burk told Plaintiff that his sentence had "overlapped 4 months," which meant that Plaintiff's release date had been changed to February 12, 2022. *Id.* Plaintiff asserts that this change in his release date resulted in him serving three and a half months beyond his actual sentence because he was supposed to have credit for 108 days of time served. *Id.* Plaintiff also states that he brought the matter to the attention of Counselor Greg Rich and Warden DeShawn Jones, but he provides no information regarding the manner in which he brought it to their attention or their response to his claims. *Id.* at 4.

In support of his complaint, Plaintiff has submitted records from his state court criminal case showing that a petition for revocation of his probation was submitted on October 29, 2018. State Court Records 1, ECF No. 7. These documents further show that the petition was granted and Petitioner's probation was partially revoked, such that he was to serve three years in confinement before returning to probation under the terms

5

of his original sentence.  *Id.* at 2.   Those terms provided that Plaintiff was to be given credit for time served "as determined by the custodian."  *Id.* at 6.

As relief, Plaintiff asks that he be released from prison and awarded monetary damages for the time he was held past October 27, 2021.  Compl. 6, ECF No. 1.  For a prisoner seeking early or immediate release from incarceration, a petition for a writ of habeas corpus is the sole federal avenue for relief.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").  Thus, this Court could not have ordered Plaintiff released in the context of this § 1983 complaint.  Regardless, it appears that Plaintiff has now been released from his confinement in Rutledge State Prison.[1]  *See* Georgia Dep't of Corr., Find an Offender, http://www.dcor.state.ga.us/GDC/Offender?Query, Query "Gilbert, Calvin" (identifying Plaintiff as an inactive offender) (last visited March 1, 2022).  Thus, his request for release is also moot.

To the extent that Plaintiff seeks damages for being held beyond his release date, courts in this circuit have evaluated over-detention claims under both the Fourteenth Amendment right to due process and the Eighth Amendment right to be free from cruel

---

[1]  It is Plaintiff's responsibility to keep the Court apprised of his current address, and a failure to inform the Court in writing of any address changes may constitute a failure to prosecute this case.  As of the date of this order, Plaintiff has not filed any written notice of a change of address.  To the extent that the Court has no information as to Plaintiff's whereabouts, this case will not be able to continue.  To that end, Plaintiff is cautioned that his continued failure to keep the Court informed of his current address may result in the dismissal of this action.

6

and unusual punishment. *See, e.g., West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (reviewing continued detention beyond proper release date for potential Fourteenth Amendment due process violation); *McCurry v. Moore*, 242 F. Supp. 2d 1167, 1179 (N.D. Fla. 2002) (over-detention claim by a sentenced prisoner should arise under Eighth Amendment). In order to state a claim for the violation of either right, Plaintiff must plead facts making it plausible that the individual defendants acted with deliberate indifference to his rights. *West*, 496 F.3d at 1327; *McCurry*, 242 F. Supp. 2d at 1180. Further, under either a due process or Eighth Amendment analysis, "[t]he threshold for liability ... is the same," the Plaintiff must establish subjective culpability on the part of the Defendant. *McCurry*, 242 F. Supp. 2d at 1180. Thus, to state a claim for unconstitutional over-detention, a plaintiff must establish that the defendant subjectively knew that there was a risk of serious harm that the plaintiff was being over-detained and disregarded that risk through conduct that amounted to more than mere negligence. *West*, 496 F.3d at 1327; *McCurry*, 242 F. Supp. 2d at 1180.

Here, Plaintiff has not set forth any facts to show that the named defendants were deliberately indifferent to his right to release. As an initial matter, Plaintiff states that he was supposed to be credited with 108 days of time served, but he provides no specific information regarding when he served this 108 days to support his claim that he was entitled to this credit. Regardless, even assuming that he was entitled to such a credit, Plaintiff provides no specific facts showing that any of the named defendants was aware that Plaintiff had not been properly credited for his time served or otherwise knew that Plaintiff was entitled to release.

On this point, Plaintiff asserts only that Deputy Warden Burk informed him that his release date had been recalculated, such that his new release date would be February 12, 2022. Plaintiff does not allege any facts suggesting that Burk knew that the newly calculated date was improper. Moreover, Plaintiff has submitted a copy of his grievance filed on October 27, 2021, asserting that he was supposed to serve three years beginning on October 27, 2018, such that his release should have been that day. State Court Records 3, ECF No. 7. Deputy Warden Burk denied that grievance, stating that Plaintiff's claim had been investigated and that "Sentence Computation" had advised that his maximum release date had been extended to February 12, 2022. *Id.* at 4. Nothing in Plaintiff's allegations or the documents he submitted shows that Deputy Warden Burk knew that Plaintiff was entitled to be released before February 12, 2022, or that she was involved in the decision to extend his release date. Instead, Plaintiff's allegations show only that Burk communicated the change in release date to him and that she denied a grievance based on the decision of "Sentence Computation." Thus, he has not stated a claim against Deputy Warden Burk.

As to the remaining defendants, Plaintiff does not provide any allegations whatsoever as to their involvement in his claims. In particular, Plaintiff listed Counselor Rich and Warden Jones's names under the question asking what he did to bring his claim to the attention of prison officials, but he provides no information about what he told these individuals, the way in which he communicated any information, or how they responded to his concerns. Thus, Plaintiff has not stated a claim to show that they were personally involved in any constitutional deprivation.

Likewise, Plaintiff has not alleged any facts showing that they were causally connected to a constitutional deprivation, as would be necessary to state a claim against the defendants based on their supervisory capacities. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) ("[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." (internal quotation marks and citations omitted)); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986) (explaining that to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation). Accordingly, Plaintiff has not stated a claim against these defendants.

Finally, Plaintiff names the State of Georgia as a defendant to this action, but the State of Georgia is not a proper defendant because the Eleventh Amendment bars suits directly against a state or its agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The State of Georgia is thus protected by sovereign immunity. *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability). Accordingly, it is not a proper defendant to this suit.

IV.   Conclusion

Thus, for the reasons set forth above, Plaintiff has not stated a claim for relief against any of the named defendants.  It is therefore **RECOMMENDED** that his complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned within **FOURTEEN (14) DAYS** of his being served with a copy of this order and recommendation.  Plaintiff may seek an extension of time in which to file written objections or amendments, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 1st day of March, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE